UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KELLY MIGDON** | **CASE NO.  2:18-CV-00160** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **171 HOLDINGS L L C ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Plaintiff's Motion for Damages, Liquidated Damages, Attorney's Fees, Costs, and Post Judgment Interest Pursuant to the Equal Pay Act" (Doc. 69).  Plaintiff, Kelly Migdon, through counsel, moves for entry of an award of damages in connection with her claim arising under the Equal Pay Act ("EPA").

## INTRODUCTION

Plaintiff filed this lawsuit against Defendant, 171 Holdings, LLC, d/b/a 171 Junction Roadhouse ("171 Holdings") for violations of Title VII and the EPA. Plaintiff asserted discrimination and retaliation claims under the EPA.  The Court has dismissed Plaintiff's Title VII claims and has granted summary judgment in favor of Plaintiff as to her EPA claims.[1] The Court found that 171 Holdings violated section 206(d)(1) of the EPA, which forbids pay discrepancies based on sex, and section 215(1)(3), which forbids retaliation.

## LAW AND ANALYSIS

Plaintiff now moves for a judgment in her favor for damages, attorney fees, costs, and post-judgment interest as to her EPA claims. Section 216(b) of the EPA provides civil

---

[1] Amended Minutes from Motion Hearing held on April 15, 2021. Doc. 58.

liabilities for violations of the EPA. Specifically, under section 216(b), the difference in pay based on sex is deemed to be "unpaid minimum wages or unpaid overtime compensation." 29 U.S.C. § 206(d)(3). The employer who violated this section is liable to the employee(s) affected, in an additional equal amount as liquidated damages. *Id.* An employer who violates § 215(a)(3) is liable to the employee "for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) … including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." *Id.*

Relying on the above statutes, Plaintiff is requesting an award in the amount of $107,750.18 comprised of the following:

| | | |
|---|---|---|
| (1) Lost wages; back pay | | $41,098.34 |
| (2) Liquidated damages | | $41,098.34 |
| (3) Attorney fees | | $ 24,965.00 |
| (4) Costs | | $     588.50 |
| (5) Post Judgment interest | | |

*Back pay damages*

On October 19, 2015, Plaintiff was promoted to Assistant General Manager ("AGM") and paid an annual salary rate of $30,000.00. Her claim for damages is based on the fact that the male AGM (Chance Hebert) she replaced was paid an annual salary rate of $40,000. Plaintiff was terminated on November 27, 2015. Plaintiff calculates one component of her back pay damages based on she would have actually earned as compared to her male counterpart during the time period from October 19, 2015 and November 27,

2015. Plaintiff earned $576.92 per week, whereas Hebert earned $769.23, a weekly difference of $192.21. For the five-week plus the 5-day period, Plaintiff calculates her back pay damages as **$1,098.34** (5 X $192.21 + 5 X 27.458[2]). The Court agrees with this calculation of back pay damages.

Plaintiff calculates her additional backpay damages to be $40,000.00. Plaintiff was terminated on November 27, 2015, and the 171 Junction Roadhouse permanently closed on or about November 2016. Had Plaintiff not been terminated and had she been paid the $40,000 annual salary that Hebert was paid, Plaintiff would have earned a $40,000 salary.

The purpose of back pay damages is to restore the plaintiff to the position she would have been absent the discrimination. *Tyler v. Union Oil Co.*, 304 F.3d 379, 401 (5th Cir. 2002) (*citing McKennon v. Nashville Banner Public Co.*, 513 U.S. 352, 115 S.Ct. 879, 886, (1995)). The courts limit back pay claims where the employment would have been subsequently discharged for lawful or non-discriminatory reasons. *See, e.g., McKennon*, 513 U.S. at 360-63; *N.L.R.B. v. Vancouver Plywood Co.*, 604 F.2d 596, 602 (9th Cir. 1979). ("Where the job affected by the illegal discharge would have been phased out anyway, regardless of the unfair labor practices, the Board must tailor its remedy to reflect the situation but for the violations"). As noted by Plaintiff, the job would have phased out upon closure of the restaurant around November 2016. The Court finds that Plaintiff is entitled to an additional back pay damage award of **$40,000** for wrongful termination.

---

[2] $192.21 ÷ 7 days = 27.458 X 5 days.

*Liquidated damages*

Plaintiff is seeking a $41,098.34 liquidated damage award. Under the Fair Labor Standards Act, a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages. *King v. Univ. Healthcare Sys., L.C.*, 2009 U.S. Dist. LEXIS 67159, *2 (E.D. La. July 13, 2009) (citing 29 U.S.C. § 206(d)(3), 216(b), 260). The statute provides: "Any employer who violated the provisions of [the Fair Labor Standards Act] . . . shall be liable to the . . . employees affected in the amount of their . . . unpaid . . . compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

The Court finds that pursuant to 29 U.S.C. 216(b), Plaintiff is entitled to a liquidated damages amount of **$41,098.34**.

*Costs*

Plaintiff seeks to be awarded the costs expended in this litigation, excluding the costs for her Appeal to the U.S. Fifth Circuit Court of Appeals. Specifically, Plaintiff seeks to recover $588.50, comprised of: (1) $400.00 filing fee; (2)$150.00 file creation fee; (3) $33.50 postage. The Court finds that Plaintiff is entitled to her costs in the total amount of **$588.50**.

*Attorney fees*

Plaintiff's counsel moves for reasonable attorney fees pursuant to 29 U.S.C. § 216(b). *Fontenot v. Safety Council of Southwest La.*, 2018 U.S. Dist. LEXIS 148330, *35 (W.D. La. August 29, 2018) (citing 29 U.S.C. § 216(b)). As the prevailing party in this litigation, Plaintiff is entitled to reasonable attorney fees.

Determination of the reasonableness of Plaintiff's request for attorney fees is a two-step process that beings with the determination of the "lodestar"[3] amount.

> A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The lodestar may not be adjusted due to a *Johnson* factor however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.

*Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638 (1992); *Shipes v. Trinity Indus.*, 987 F.2d 311, 310-20 (5th Cir. 1993)). Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended hours and of the attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983); *Wegner v. Standard Inc. Co.*, 129 F.3d 814, 822 (5th Cir. 1997).

Plaintiff's counsel submits a detailed, line-item summation of the hours expended by each attorney, paralegal and/or law clerk with the commensurate rate of pay. Plaintiff's counsel seeks a total of $24,965.00 considering business judgment deductions in attorney fees.

---

[3] Attorney fees for LEDL claims are "calculated through a method which mirrors the 'lodestar' method used in Title VII litigation." *Dang v.M-I Holdings, L.L.C.*, 2004 U.S. Dist. LEXIS 17915 (E.D. La. Sept. 7, 2004).

The party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). (*quoting Hensley*, 461 U.S. at 437). The court should eliminate those hours that are excessive, duplicative, or too vague to permit meaningful review. *Big Lots*, 639 F.Supp.2d at 702 (citations omitted). "When using the lodestar method to award attorney fees, courts routinely deduct time spent on unsuccessful, unfounded or unnecessary pleadings, motions, discovery requests and memoranda. *White v. Imperial Adjustment Corp.*, 2005 U.S. Dist. LEXIS 13382, *11 (E.D. La. June 28, 2005).

The maximum rate sought for Plaintiff's lead counsel is $275.00 per hour. Other attorneys with less experience are billed at $200.00 per hour and paralegals and law clerks are billed at $125.00 per hour. The Court finds that these rates are reasonable based on the customary fee in this community. Plaintiff's counsel has reduced the requested fees by $12,125.00 for time expended on its appellate brief, also deducting any hours billed that would be considered duplicative, unproductive, or excessive.

The Court notes that Plaintiff's counsel held numerous conferences with the Magistrate Judge, conducted extensive discovery, filed a dispositive motion, defended a dispositive motion, and prepared and made arguments at the hearing on said motions. Considering the time and labor required for this litigation, as well as the difficulty of the questions presented, and the skill of the those who performed legal services, the Court finds that the rates billed are within the range of prevailing market rates, *Louisiana Power & Light*, 50 F.3d at 329, and the hours billed are reasonable. The Court finds that a total amount of **$24,965.00** for attorney fees is reasonable.

*Post-judgment interest*

Pursuant to 28 U.S.C. § 1961(b), interest from the date of judgment to the date of payments is allowed for "any money judgment in a civil case recovered in a district court." *Fontenot*, 2018 U.S. Dist. LEXIS 148330 at *34-35. Post judgment interest is permitted for damages awarded under the Federal Labor Standards Act. *Id.* (*citing Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 751-52 (5th Cir. 1983)).

## **CONCLUSION**

For the reasons set forth herein, a Final Judgment will be awarded to Plaintiff, Kelly Migdon, and against 171 Holdings, LLC d/b/a 171 Junction Roadhouse for the following amounts:

```
BACKPAY    $ 1,098.34
           $40.000.00           $41,098.34
LIQUIDATED DAMAGES              $41,098.34
COSTS                           $   588.50
ATTORNEY FEES                   $ 24,965.00

TOTAL AWARD                     $107,750.18
```

A separate Final Judgment in the total amount of $107,750.18, plus post judgment interest will be issued.

**THUS DONE AND SIGNED** in Chambers on this 8th day of September, 2022.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**